IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NERIAN BRACERO, <br>     Plaintiffs, <br>     v. <br> TRANSOURCE, INC. T/A AND/OR <br> D/B/A UNISHIPPERS., *et al.*, <br>     Defendants. | : <br> : <br> : <br> :   Civil No. 5:20-cv-02483-JMG <br> : <br> : <br> : <br> : |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                  April 21, 2021

  Plaintiff Nerian Bracero was allegedly fired from her job after requesting leave under the Family and Medical Leave Act (FMLA). She now brings disability discrimination, failure to accommodate, and retaliation claims against her former employers and managers. Before the Court are Defendants Transource, Inc.'s ("Transource") and Unishippers Global Logistics, LLC's[1] ("Unishippers" or "UGL") motions to dismiss. For the following reasons, we will deny the motions.

**I.  FACTUAL ALLEGATIONS[2]**

  Bracero asserts that she was hired by "Defendant Transource and/or Defendant UGL on May 2, 2018" as a freighting auditor. Compl. ¶¶ 11–12, ECF No. 1. For a little over a year,

---

[1]  Unishippers has indicated that the case caption incorrectly names "Unishippers Global Logistics, Inc." as a party to this litigation. *See* Def.'s Mot. 3 n.1, ECF No. 18.

[2]  This summary is premised on the allegations contained in the Complaint. For purposes of this motion, we "accept as true the allegations in the complaint and its attachments, as well as reasonable inferences construed in the light most favorable to the plaintiffs." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (internal citation omitted).

Bracero worked at a location operated by Unishippers. *Id.* ¶¶ 4, 11, 20–22.

During the entirety of her employment, Bracero suffered from abdominal panniculus for which she needed surgery. *Id.* ¶ 13. On June 19, 2019, she informed Jennifer Lebus, a human resources employee, of her intent to take approximately one week off for the procedure. *Id.* ¶ 14. The next day, Robert Lebus, a manager, informed Bracero that she would not be paid for her time off. *Id.* ¶ 16. Rather, Mr. Lebus explained that the company does not have enough employees to offer leave under the FMLA. *Id.* ¶ 18. If Bracero wanted to skip work for her surgery, she could not request FMLA leave, nor could she use her sick days or vacation days. *Id.* ¶¶ 17–18.

On June 21, 2019, Mr. Lebus fired Bracero. *Id.* ¶ 20. According to Mr. Lebus, Bracero's position was being "outsourced to India." *Id.* ¶ 21. Later that week, Bracero received a termination letter from Mrs. Lebus. *Id.* ¶ 22. It bore the Unishippers logo and provided a link to the Unishippers website. *Id.* ¶ 4 n.1; *see also* Compl. Ex. B, ECF No. 1.[3]

Bracero now asserts claims against Transource and Unishippers for: (1) violations of the Americans with Disabilities Act (ADA) (Counts I–III); (2) violations of the FMLA (Count IV); and (3) violations of the Pennsylvania Human Relations Act (PHRA) (Counts V–X).[4]

## II. STANDARD

Courts can dismiss a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

---

[3] The letter reads, in relevant part: "Transource Inc. dba Unishippers has eliminated your position of pricing auditor." Compl. Ex. B, ECF No. 1.

[4] Bracero brings related claims against Mr. and Ms. Lebus, but they have not joined the instant motions to dismiss.

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) ("Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." (internal quotation marks and citations omitted)).

Our analysis involves three steps. First, we identify "the elements [the] plaintiff must plead to state a claim." *Connelly*, 809 F.3d at 787 (internal quotation marks and citation omitted). Second, we "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (internal quotation marks and citation omitted). Third, we assume the veracity of well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Id.* (internal quotation marks and citation omitted).

In performing this analysis, we "construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citation omitted). We ordinarily do not consider materials extraneous to the pleadings. *Id.* at 82 n.4. However, "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotation marks and citation omitted); *see also M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010) ("[A] court should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." (internal quotation marks and citation omitted)).

## III.     DISCUSSION

The crux of Unishippers' motion is that it is not a proper party to this action. Unishippers argues that it never employed Bracero; instead, it claims that Transource was her employer. *See* Def.'s Mot. 12–17, ECF No. 18.

Transource moves to dismiss the FMLA claim against it. Transource maintains that it did not employ fifty or more employees at the time of Bracero's firing, which precludes FMLA liability. *See* Def.'s Mot. 3–4, ECF No. 20-1.

We examine these arguments in turn.

### A.     Unishippers' Motion to Dismiss

It is undisputed that Bracero must plausibly allege Unishippers' status as an "employer" under the ADA, FMLA, and PHRA. *See* 42 U.S.C. § 12112 (prohibiting discrimination by an "employer"); 29 U.S.C. § 2615(a)(2) (same); 43 PA. CONS. STAT. § 955 (same); *see also Shaffer v. Wexford Health Sources, Inc.*, No. 1:17-cv-330, 2018 WL 3388461, at *3 (W.D. Pa. July 12, 2018) (examining whether a defendant is an "employer" under the ADA, FMLA, and PHRA). Two entities may be liable as joint employers under all three statutes. *See, e.g.*, *Carroll v. Sunrise Detox Cherry Hill, LLC*, No. 19-17287, 2020 WL 4218409, at *6–7 (D.N.J. July 22, 2020) (discussing joint employment liability under the ADA); *Amoroso v. Bucks Cnty. Ct. of Common Pleas*, No. 13-0689, 2014 WL 1284791, at *10 (E.D. Pa. Mar. 27, 2014) (FMLA); *A.H. by & through Hunt v. Wendy's Co.*, No. 3:18-cv-0485, 2018 WL 4002856, at *3 n.2 (M.D. Pa. Aug. 22, 2018) (PHRA). In short, separate entities are "considered joint employers where both employers exert significant control over the same employees with evidence demonstrating that they share or co-determine those matters governing essential terms and conditions of employment." *Hewitt v. BS Transp. of Ill., LLC*, 355 F. Supp. 3d 227, 233 (E.D. Pa. 2019)

(internal quotation marks and citation omitted); *see also In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig.*, 683 F.3d 462, 469 (3d Cir. 2012).

Unishippers contends that Bracero has "failed to plead any facts that would support a finding of joint or co-employer status." Def.'s Mot. 15, ECF No. 18. But its argument is almost entirely buoyed by documents extraneous to the pleadings. Unishippers attaches three exhibits to its motion: (1) a franchise agreement between Unishippers and Transource;[5] (2) a Transource quarterly earnings statement; and (3) copies of Bracero's employment application and e-mail signature line. These documents, however, are not properly before the Court. Bracero's Complaint is not based on, nor does it make any reference to, these materials. And we decline, at this early stage of the proceedings, to convert Unishippers' motion into one for summary judgment. *See, e.g.*, *Myers v. Garfield & Johnson Enters., Inc.*, 679 F. Supp. 2d 598, 603 (E.D. Pa. 2010) (refusing to consider "documents outside the complaint in the context of a motion to dismiss").[6]

We are mindful that "discovery is often necessary before a plaintiff can reliably define the contours of the employment relationship." *Anderson v. Finley Catering Co.*, 218 F. Supp. 3d 417, 423 (E.D. Pa. 2016) (citing *Graves v. Lowery*, 117 F.3d 723, 729 (3d Cir. 1997)). Recognizing the fact-intensive analysis that governs questions of joint employer status, *Graves*,

---

[5] The Complaint fails to mention any franchisor–franchisee relationship between Unishippers and Transource. Bracero attaches to her Complaint a screenshot of the Unishippers website that reads, in relevant part: "Our approach has each of our 135 *franchises* and affiliates focusing on doing the one thing none of competitors are doing for our market segment . . . ." Compl. Ex. A, ECF No. 1 (emphasis added). This passing reference to Unishippers' franchises does not transform the franchise agreement into a document that "form[s] the basis of" Bracero's claims. *M & M Stone Co.*, 388 F. App'x at 162 (internal quotation marks and citation omitted).

[6] For the same reasons, we will not consider the additional documents that Bracero attaches to her opposition briefs.

117 F.3d at 729, Third Circuit courts have "allowed pleadings with a thin factual record to survive a motion to dismiss." *Wadley v. Kiddie Acad. Int'l, Inc.*, No. 17-05745, 2018 WL 4732479, at *3 (E.D. Pa. Oct. 1, 2018); *see, e.g.*, *Thompson v. U.S. Airways, Inc.*, 717 F. Supp. 2d 468, 479 (E.D. Pa. 2010) (denying motion to dismiss where greater factual development would allow court to resolve joint employment issue); *Braden v. Cnty. of Wash.*, No. 08-574, 2008 WL 5129919, at *3 (W.D. Pa. Dec. 5, 2008) ("Such facts as who [plaintiff's] employer was and the structure of her employment are the types of facts that must be uncovered through discovery."); *see also Hartman v. Chestnut Hill Coll.*, No. 00-1400, 2000 WL 1016655, at *2 (E.D. Pa. July 7, 2000).

With this guidance in mind, we find that Bracero has pled plausible claims against Unishippers. While the factual record is thin, Bracero alleges that she was employed by Unishippers and/or Transource, and that she worked at a facility "operate[d]" by Unishippers. Compl. ¶¶ 4, 11, ECF No. 1. We must accept these allegations as true.

To that end, this case resembles *Mitchell v. C & S Wholesale Grocers, Inc.*, No. 10-2354, 2010 WL 2735655 (D.N.J. July 8, 2010). There, the plaintiff alleged that he was employed by two entities: "C & S and/or Woodbridge." *Id.* at *9. C & S moved to dismiss, arguing "that it never employed Plaintiff—that Plaintiff was employed by Woodbridge." *Id.* The court denied the motion. *Id.* It emphasized that, "for purposes of a motion to dismiss, all allegations" are taken as true, and further noted that, "only through discovery, can [plaintiff] conclusively determine who his actual employer was for purposes of the claims asserted." *Id.* This reasoning applies with full force to Bracero's case.

Indeed, Unishippers will have the opportunity at summary judgment to counter any contention that it was Bracero's employer or joint employer. Given Bracero's well-pled

6

allegations that she worked at a Unishippers facility and that she received official notice of her termination on a document bearing Unishippers' letterhead, it would be inappropriate to dismiss the Complaint before any discovery has been completed.

**B.     Transource's Motion to Dismiss**

As with Unishippers, Bracero must plausibly allege Transource's status as an "employer" under the FMLA.  "An 'employer' under the FMLA is defined as 'any person engaged in commerce or in any industry or activity affecting commerce who *employs 50 or more employees* for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.'"  *Capps v. Mondelez Glob. LLC*, 147 F. Supp. 3d 327, 334 n.3 (E.D. Pa. 2015) (quoting 29 U.S.C. § 2611).

Transource contends that it is not an "employer" under the FMLA because it does not employ fifty or more employees.  In support of this argument, Transource cites to one of its quarterly earnings statements.  As explained above, we cannot consider this document on a motion to dismiss.  "Were the Court to do so, it must convert the motion to dismiss to a motion for summary judgment, which the Court declines to do where, as here, there has been no discovery."  *Mejias v. Am. Boychoir Sch.*, No. 11-0562, 2011 WL 3235711, at *3 (D.N.J. July 27, 2011).  Accepting Bracero's well-pleaded allegations as true, we find no grounds to dismiss her FMLA claim against Transource.  *See id.* (refusing, at the motion to dismiss stage, to consider extraneous document that defendant submitted to "demonstrate that [it] has not employed fifty or more employees.").

## IV. CONCLUSION

For the foregoing reasons, Unishippers' and Transource's motions are denied. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge